1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERION COLLINS, et al., | Case No.: 1:23-cv-00483 CDB PC |
| Plaintiffs, | |
| v. | **ORDER TO SEVER ACTION** |
| HEATHER SHIRLEY, et al., | **ORDER TO SUBMIT SIGNED COMPLAINTS** |
| Defendants. | **FORTY-FIVE (45) DAY DEADLINE** |

Plaintiffs Terion Collins, Marshall Rayshawn, Justin Marquiz Jackson, and Kwamaii Mathis ("Plaintiffs") are state prisoners proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court has determined that each plaintiff should proceed separately on his own claim. The Federal Rules of Civil Procedure provide that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The Court may also sever any claim against a party." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. *See Davis v. Mason Cty.*, 927 F.2d 1473, 1479 (9th Cir. 1991).

In the instant action, Plaintiffs are individuals in the custody of the California Department of Corrections and Rehabilitation, presently confined at Wasco State Prison, in Wasco, California. In this Court's experience, an action brought by multiple inmate plaintiffs proceeding *pro se* presents procedural problems that cause delay and confusion. Delay often arises from the

frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals.

Accordingly, the Court will order that Plaintiffs' claims be severed. Plaintiff Terion Collins will proceed in this action, while the remaining Plaintiffs will proceed in separate civil actions to be opened by the Clerk of the Court. Each plaintiff will proceed with his own action and will be solely responsible for his own action.

The Clerk of the Court will be directed to randomly assign the new actions to a Magistrate Judge according to the Court's usual assignment of civil cases.

All Plaintiffs have submitted applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff Terion Collins's application will be considered by the undersigned. The applications submitted by Plaintiffs Marshall Rayshawn, Justin Marquiz Jackson, and Kwamaii Mathis will be considered after the separate civil actions are opened the Clerk of the Court and randomly assigned to a Magistrate Judge.

Finally, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court notes that the signature on the complaint filed in this action appears to be that of Plaintiff Terion Collins. (*See* Doc. 1 at 10.) Both the Federal Rules of Civil Procedure and this Court's Local Rules require that all filed pleadings, motions and papers be signed by at least one attorney of record or by the party personally if the party is unrepresented. Fed. R. Civ. P. 11(a); Local Rule 131(b). Because Plaintiffs Marshall Rayshawn, Justin Marquiz Jackson, and Kwamaii Mathis will each proceed with his own action following random assignment as noted above, each of them will be permitted an opportunity to file a signed complaint (personally signed by that individual plaintiff) that complies with the Federal Rules of Civil Procedure and the Local Rules.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The claims of Plaintiff Terion Collins are SEVERED from the claims of the three (3) remaining plaintiffs (all currently housed at Wasco State Prison):

a. Marshall Rayshawn, CDCR #BH-8886

b. Justin Marquiz Jackson, CDCR #BK-0201

c. Kwamaii Mathis, CDCR #BN-3178

2. Plaintiff Terion Collins, CDCR #AT-3689, shall proceed as the sole plaintiff in this case;

3. The Clerk of the Court is DIRECTED to:

   a. Open a separate civil action for each of the remaining three (3) plaintiffs;

   b. Randomly assign each new civil action to a Magistrate Judge according to the Court's usual assignment of civil cases;

   c. File and docket a copy of this order in the instant action and each of the new civil actions opened for the remaining plaintiffs;

   d. Place a copy of the appropriate *in forma pauperis* application for Plaintiffs Marshall Rayshawn (Doc. 3), Justin Marquiz Jackson (Doc. 4), and Kwamaii Mathis (Doc. 5), into the new civil actions opened for each of them;

   e. Issue: (1) new case documents in this action; and (2) issue new case documents bearing the new case number assigned to the new individual actions, along with a civil rights complaint form;

4. Within **forty-five (45) days** of the date of service of this order, Plaintiffs Marshall Rayshawn, Justin Marquiz Jackson, and Kwamaii Mathis SHALL file a signed complaint (personally signed by that individual plaintiff), or a notice of voluntary dismissal, each bearing the docket number assigned to his own individual case; and

5. **No requests for extension of time will be granted without a showing of good cause. A Plaintiff's failure to comply with this order will result in dismissal of that Plaintiff's individual action.**

IT IS SO ORDERED.

Dated:   **April 5, 2023**                              _____
                                                                                  UNITED STATES MAGISTRATE JUDGE

3