UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MARQUIZ JACKSON, | Case No. 1:23-cv-00534-FJS (PC) |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S FOURTH REQUEST FOR EXTENSION OF TIME |
| v. | |
| SHIRLEY, *et al.*, | (ECF No. 26) |
| Defendants. | THIRTY (30) DAY DEADLINE |

Plaintiff Justin Marquiz Jackson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 15, 2026, the court screened the complaint and directed Plaintiff to file a first amended complaint or a notice of voluntary dismissal within thirty days. (ECF No. 14.) Following three extensions of time, Plaintiff's first amended complaint or notice of voluntary dismissal is currently due on or before June 8, 2026. (ECF Nos. 18, 21, 25.) In the May 6, 2026, order granting Plaintiff's third request for extension of time, the court warned Plaintiff that future requests to extend this deadline will be subject to a narrow interpretation of what constitutes good cause. (ECF No. 25, pp. 1–2.)

Currently before the court is Plaintiff's fourth request for extension of time to file an amended complaint, filed June 4, 2026. (ECF No. 26.) Plaintiff states that the law library has only

been open twice this month and is frequently unable to operate because of staff shortages. Plaintiff therefore requests a sixty-day extension of time. (*Id.*)

As noted in the court's May 6, 2026, order, despite Plaintiff's assertion that he requires research materials at the institution law library to prepare his amended complaint, the court's January 15, 2026, screening order provided Plaintiff with the legal standards applicable to his claims. (ECF No. 25.) In the instant motion, while Plaintiff asserts that the law library has only been open twice, he does not provide any information about whether he was able to attend law library when it was open, how long he had access to the law library, and what library services he was able to utilize during that time. Plaintiff also does not explain how much progress he has made in preparing his amended complaint, what efforts he has made since he received the court's screening order, or how much longer he anticipates he will need to complete any amended complaint.

The court screened the initial complaint on January 15, 2026, nearly five months ago. (ECF No. 14.) Plaintiff is now requesting a fourth extension of this deadline, unnecessarily delaying resolution of this case. Despite the court's prior instruction that future requests for extension of this deadline would be subject to a narrow interpretation of what constitutes good cause, Plaintiff provided minimal explanation for his newest request for an extension of time.

Having considered the request, the court finds good cause to grant, in part, the requested extension of time. Fed. R. Civ. P. 6(b). The court grants the request specifically based on the allegation that the law library has only been open twice in the past month and to allow Plaintiff time to receive and comply with the instant order. The court finds that an extension of thirty days, rather than sixty, is appropriate under the circumstances. Furthermore, given the time that has elapsed since the court's January 15, 2026, screening order, this will be the final extension of time granted for this deadline.

Plaintiff is reminded that his first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although accepted as true,

the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's fourth request for extension of time, (ECF No. 26), is GRANTED IN PART;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint, or file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii); and

4. If Plaintiff fails to file a first amended complaint in compliance with this order, the court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:    **June 8, 2026**    _____
UNITED STATES MAGISTRATE JUDGE

3