UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUSTIN MARQUIZ JACKSON,

Plaintiff,

v.

SHIRLEY, *et al.*,

Defendants.

Case No. 1:23-cv-00534-FJS (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME
(ECF No. 28)

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL
(ECF No. 28)

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE
(ECF No. 21)

FOURTEEN (14) DAY DEADLINE

## I. BACKGROUND

Plaintiff Justin Marquiz Jackson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On January 15, 2026, the court screened the complaint and directed Plaintiff to file a first amended complaint or a notice of voluntary dismissal within thirty days. (ECF No. 14.)

Following four extensions of time, Plaintiff's first amended complaint or notice of voluntary dismissal was due on or before July 13, 2026. (ECF Nos. 18, 21, 25, 27.) In the May 6, 2026, order granting Plaintiff's third request for extension of time, the court warned Plaintiff that future requests to extend this deadline would be subject to a narrow interpretation of what constitutes good cause. (ECF No. 25 at 1–2.) In the June 8, 2026, order granting Plaintiff's fourth request for extension of time, the court warned Plaintiff that "<u>this will be the final extension of time granted for this deadline</u>." (ECF No. 27 at 2 (emphasis in original).) The order further stated, "<u>If Plaintiff fails to file a first amended complaint in compliance with this order, the court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.</u>") (*Id.* at 3 (emphasis in original).)

Currently before the court is Plaintiff's request for a ninety-day extension of time, filed July 2, 2026, and received by the court on July 13, 2026. (ECF No. 28.)

## II. <u>PLAINTIFF'S MOTION FOR EXTENSION OF TIME</u>

This is Plaintiff's fifth request to extend the deadline for the filing of his first amended complaint. (*See* ECF Nos. 17, 20, 24, 26.) In his motion, Plaintiff states that the law library at his institution has not been open for the whole month of June, nor was he allowed to attend, if it was open. Plaintiff states he will continue to look, but requests appointment of counsel. For those reasons, Plaintiff requests a ninety-day extension of time. (ECF No. 28.)

The court's May 6, 2026, and June 8, 2026, orders both informed Plaintiff that despite his assertion that he requires research materials or otherwise needed access to the institution's law library to prepare his amended complaint, the court's January 15, 2026, screening order provided Plaintiff with the legal standards applicable to his claims. (ECF Nos. 25, 27.) Further, the court provided examples of the type of information that would be helpful in determining whether further extensions of time would be warranted, such as information about whether Plaintiff was able to attend law library when it was open, how long he had access to the law library, what library services he was able to utilize during that time, how much progress he has made in preparing his amended complaint, what efforts he has made since he received the court's screening order, or how much longer he anticipates he will need to complete any amended

complaint. (ECF No. 27 at 2.) Plaintiff's fifth request for extension of time provides only a minimum of the previously requested information, and the fourth extension of time was characterized as the final extension of time the court will grant for this deadline. Plaintiff has provided no additional information that would warrant reconsideration of that prior order. Plaintiff's request for a fifth extension of time is denied.

## III. PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

To the extent Plaintiff's filing is intended as a motion for appointment of counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, however, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The court has considered Plaintiff's request but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases filed almost daily by prisoners who must also conduct legal research and draft pleadings without the assistance of counsel and with limited access to the law library.

Furthermore, at this stage in the proceedings, the court cannot determine whether Plaintiff is likely to succeed on the merits. The court screened the original complaint and found that it failed to state any cognizable claims, and Plaintiff has needlessly delayed filing a first amended complaint. The court, therefore, cannot determine whether Plaintiff's claims are likely to succeed

on the merits. Finally, based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims.

IV. FAILURE TO STATE A CLAIM

A. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

B. Plaintiff's Allegations

Plaintiff is currently housed at Sierra Conservation Center in Jamestown, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at Wasco State Prison ("WSP") in Wasco, California. Plaintiff names Heather Shirley, Warden at WSP as the

sole defendant.[1] Plaintiff notes that Defendant Shirley is "sued in their individual capacity or how the Court see's [sic] fit." (ECF No. 1 at 1.)

Plaintiff alleges as follows:

> In 2017, admin was informed that the water was bad, now today 5.1.23, still nothing has been done to improve the water. [Plaintiff] got to WSP in summer 2019 with no ailments . . . . [Plaintiff] now suffers from kidney pain as well as bad bad bad acid reflux. [Plaintiff] cannot eat a simple sandwich, a waffle breakfast, some of the most or at least what should be considered the most simplest of meals without experiencing acid reflux. To be candid, it is as if WASCO State Prison could totally care less about me or my life which is in their hands on a daily basis. [Plaintiff] is terrified for [his] life drinking the water. . . . [O]n [his] most previous visit [to see the nurse] 6 weeks ago (concerning [Plaintiff's] acid reflux) [the nurse] informed [Plaintiff] that it was attributed to the prison(s) drinking water. WASCO (SP) admin knew years beforehand [Plaintiff] had no other means of drinking water.
>
> When [Plaintiff] first came to WACO (SP) [he] had an immaculate bill of health. Now [he] cannot eat the simplest of meals, or sit and read without experiencing acid reflux or having to always pack anti-acid.

(ECF No. 10 at 3.) Plaintiff seeks monetary damages.

C. <u>Discussion</u>

1. <u>*Linkage Requirement*</u>

Plaintiff filed this claim under the Civil Rights Act. That act provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

[1] The originating case also named Scott Degough and J. Cronjager as defendants, but because Plaintiff did not name these individuals in the May 22, 2023, complaint they are not considered in the court's analysis herein.

Here, Plaintiff's complaint fails to link Defendant Shirley to any wrongful conduct or personal participation in the alleged violations of his rights.

2. *Supervisory Liability*

Insofar as Plaintiff is attempting to sue the Warden, based solely upon a supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Staple*y, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pled, Plaintiff fails to state a claim against Defendant Shirley based on a supervisory role. Plaintiff fails to identify any policy sufficient to impose liability against any supervisory defendant and fails to allege that Defendant Shirley directly participated in or

directed the violations, or knew of the violations and failed to act to prevent them. Plaintiff merely relies on a conclusory allegation that "admin," presumably including Defendant, knew that the water at WSP was "bad" since 2017, but this claim is based on respondeat superior which is not cognizable under section 1983. *Iqbal*, 556 U.S. at 677. Such conclusory allegations are insufficient to state the causal link between such defendant and the claimed constitutional violation.

3. *Official Capacity*

Plaintiff may not pursue his claims for monetary damages against the named defendants in their official capacities. "Suits against state officials in their official capacity . . . should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010) (treating prisoner's suit against state officials in their official capacities as a suit against the state of California). An official capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation omitted). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Id.* at 166 (emphasis in original).

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override. . . ." *Dittman v. Cal.*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. . . ." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections

and California Board of Prison Terms entitled to Eleventh Amendment immunity).

Therefore, Plaintiff's claim for monetary damages against Defendant Shirley, to the extent Defendant Shirley is sued in his or her official capacity, is barred by the Eleventh Amendment.

4. *Eighth Amendment – Conditions of Confinement*

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference . . ." *Labatad v. Corr. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

Objectively, extreme deprivations are required to make out a conditions-of-confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Although the Constitution "'does not mandate comfortable prisons,'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

Courts have long recognized that exposure to environmental conditions which pose a health risk, either present or future, can support a claim under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 3335 (1993) (environmental tobacco smoke); *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995) (asbestos); *Carter v. Smith*, No. C–13–4373 EMC (pr), 2015 WL

4322317, at *7–11 (N.D. Cal. 2015) (lead paint and asbestos); *Yellen v. Olivarez*, No. CIV S–94–1298 GEB DAD P, 2012 WL 3757373, at *8 (E.D. Cal. 2012) (contaminated water), *adopted in full*, 2012 WL 4210030 (E.D. Cal. 2012); *Rouse v. Caruso*, No. 06–CV–10961–DT, 2011 WL 918327, at *24–25 (E.D. Mich. 2011) (contaminated water), *adopted in full*, 2011 WL 893216 (E.D. Mich. 2011).

As currently pled, Plaintiff fails to state a cognizable Eighth Amendment claim against Defendant Shirley. As noted above, Plaintiff has provided only conclusory allegations that Defendant Shirley was aware of the water quality issue or that they took any action or failed to take any action regarding the continued contamination.

## V. FAILURE TO PROSECUTE AND FAILURE TO OBEY A COURT ORDER

### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

B. Discussion

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the court's orders or provide good cause for further extensions of time. The court cannot effectively manage its docket if Plaintiff ceases litigating or needlessly delays his case. Thus, the court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). But "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The court's orders granting Plaintiff's prior requests for extension of time expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (ECF Nos. 18, 21, 25, 27.) Further, the court's June 8, 2026, order informed Plaintiff that the fourth extension would be the final extension of time granted for this deadline. (ECF No. 27 at 2.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the court that would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case through his needless delays.

## VI. ORDER AND RECOMMENDATION

Accordingly, the court HEREBY ORDERS as follows:

1. The Clerk of the Court is DIRECTED to randomly assign a district judge to this action;
2. Plaintiff's motion for a fifth extension of time, (ECF No. 28), is DENIED; and
3. Plaintiff's motion for appointment of counsel, (ECF No. 28), is DENIED, without prejudice.

Further, the court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **July 17, 2026**

UNITED STATES MAGISTRATE JUDGE