**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JUSTIN MARQUIZ JACKSON,

Plaintiff,

v.

HEATHER SHIRLEY, et al.,

Defendants.

Case No. 1:23-cv-0534 JLT FJS

ORDER DENYING PLAINTIFF'S CONSTRUED MOTION FOR RECONSIDERATION

(Doc. 31)

Plaintiff asserts he suffered violations of his civil rights while incarcerated at Wasco State Prison. (*See* Doc. 10.) Plaintiff filed objections to the magistrate judge's order denying his fifth request for an extension of time to file an amended complaint and denying the request for appointment of counsel. (Doc. 31.) The Court construes the objections as a motion for reconsideration by the district judge under Rule 72 of the Federal Rules of Civil Procedure. For the reasons set forth below, the construed motion for reconsideration is **DENIED.**

## I. Background

On January 15, 2026, the magistrate judge screened Plaintiff's complaint and found he failed to state a cognizable claim. (Doc. 14.) The Court granted several requests for extension of time for Plaintiff to file an amended complaint. (*See* Docs. 18, 21, 27.) On June 8, 2026, the Court ordered Plaintiff to file any amended complaint within 30 days of the date of service, or no later than July 13, 2026. (*See* Doc. 27 at 3.) The Court warned Plaintiff this would "be the final

extension of time granted…." (*Id.* at 2, emphasis in original.)

On July 13, 2026, Plaintiff filed a fifth motion for an extension of time, requesting 90 days to file an amended complaint. (Doc. 28.) Plaintiff asserted that he believed the prison library had not been open for the month of June, and if it was then he was not allowed to attend it. (*Id.* at 2.) Plaintiff also requested that the Court appoint counsel. (*Id.*) The magistrate judge denied these requests on July 20, 2026. (Doc. 23.)

**A. Order Denying an Extension of Time**

The magistrate judge noted that although Plaintiff asserted library access was necessary for him to prepare his amended complaint, the Court had "provided Plaintiff with the legal standards applicable to his claims." (Doc. 30 at 2, citing Docs. 25, 27.) The magistrate judge also observed:

> [T]he court provided examples of the type of information that would be helpful in determining whether further extensions of time would be warranted, such as information about whether Plaintiff was able to attend law library when it was open, how long he had access to the law library, what library services he was able to utilize during that time, how much progress he has made in preparing his amended complaint, what efforts he has made since he received the court's screening order, or how much longer he anticipates he will need to complete any amended complaint.

(*Id.* at 2-3.) The magistrate judge found that Plaintiff provided only a minimal amount of information related to the library closure, which did not support a further extension of time. (*Id.* at 3.) Therefore, the magistrate judge denied the request. (*Id.*)

**B. Order Denying Appointment of Counsel**

The magistrate judge observed that "Plaintiff does not have a constitutional right to appointed counsel in this action," and this Court could not *require* an attorney to represent Plaintiff in the action. (Doc. 30 at 3, citing *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).) The magistrate judge noted that "voluntary assistance of counsel" may be requested by the Court in "exception circumstances," but found such circumstances are not present because Plaintiff can adequately articulate his position, though the complaint failed to state a cognizable claim. (*Id.* at 3-4.) Thus, the magistrate judge denied the request for appointment of counsel. (*Id.* at 11.)

### C. Objections

Plaintiff filed objections to the order denying his motions for an extension of time and the appointment of counsel. (Doc. 31.) Plaintiff asserts that he was not allowed time in the library, and that the Court could verify this information with video evidence. (*Id.* at 1.) He also asserts that the denial of his request for counsel was made "prejudicially." (*Id.*) According to Plaintiff, the Court did not show "real consideration" for the facts that he is a state prisoner and "ignorant of the law." (*Id.* at 2.) Plaintiff maintains that he is "obviously in need of counsel." (*Id.*)

The Court construes these objections as a request for reconsideration.

## II. Reconsideration by the District Judge

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72(a). However, when a party seeks reconsideration of the magistrate judge's order, the district judge "may not simply substitute its judgment for that of the deciding court." *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988). A district judge shall modify or set aside an order when it is "clearly erroneous or contrary to law." 28 U.S.C. § 626(b)(1)(A); Fed. R. Civ. P. 72(a); *Khrapunov v. Prosyankin*, 931 F.3d 922, 931 (9th Cir. 2019).

The "clearly erroneous" standard applies to factual findings and is "significantly deferential." *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Avalos v. Foster Poultry Farms*, 798 F.Supp.2d 1156, 1160 (E.D. Cal. 2011). This requires the district judge to be "left with the definite and firm conviction" that the magistrate judge made a mistake. *Avalos*, 798 F.Supp.2d at 1160. When a challenged order "turns on a pure question of law, [the district judge's] review is plenary under the 'contrary to law' branch of the Rule 72(a) standard." *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013). Consequently, challenged factual conclusions are reviewed for clear errors, while challenged legal conclusions are reviewed to determine whether they are contrary to law.

///

**III. Discussion and Analysis**

Plaintiff does not identify any factual errors by the magistrate judge in the analysis addressing either the request for an extension of time or motion for appointment of counsel. (*See generally* Doc. 31.) Plaintiff also does not show the magistrate judge acted contrary to law in denying the motions.

As the magistrate judge found, the Court granted approximately six months for Plaintiff to file any amended complaint, and he failed to adequately explain the need for a further extension of time. It remains unclear why Plaintiff needed library access to write his factual allegations, as a complaint is not required to include any legal citation and the Court provided the relevant legal standards for the claims raised. Plaintiff did not establish good cause for an extension of time beyond the six months granted by the Court in its prior orders.

The magistrate judge also applied the proper legal standards to evaluate whether "extraordinary circumstances" exist to warrant the appointment of counsel. Plaintiff's status as a prisoner and pro se litigant and insufficient to establish such circumstances. *See Faultry v. Saechao*, 2020 WL 2561596, at *2 (E.D. Cal. May 2020) ("[c]ircumstances common to most prisoners, such as . . . limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *Garrett v. Searfoss*, 2018 WL 6571194, *1-2 (E.D. Mich. Dec. 13, 2018) (denying the motion for appointment of counsel by a plaintiff who claimed limited access to a prison library, noting this circumstance may "apply to nearly every pro se prisoner").

**IV. Conclusion and Order**

For the reasons set forth above, Plaintiff fails to show the rulings of the magistrate judge were clearly erroneous or contrary to law. Thus, the Court **ORDERS**: Plaintiff's construed request for reconsideration (Doc. 31) is **DENIED**.

IT IS SO ORDERED.

Dated: September 8, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE